IN RE CLERKSHIP OF HERBERT T. STAUB.

Submitted February 19, 1924—Decided February 23, 1924.

The requirement of rule 4, subdivision C, of the Supreme Court, that an applicant for a license to practice as an attorney shall have served a regular clerkship with some practicing attorney of that court, is not complied with by serving a clerkship for the requisite period in an office in another state, although with an attorney of this state. The clerkship must be served in an office within the State of New Jersey.

Before Justices KALISCH, KATZENBACH and LLOYD.

The opinion of the court was delivered by

LLOYD, J.  Herbert T. Staub has filed his petition with this court asking to be admitted to take the bar examination at the present term, notwithstanding the return to him of his certificate of clerkship by the clerk of the court as insufficient.

From the petition it appears that the petitioner has served a clerkship for the required period in the New York office of Frederic B. Scott, an attorney and counselor-at-law of this state. The certificate of the commencement of the clerkship was filed on April 23d, 1923.

At the time the clerkship began the rules of court provided that it should be served with some practicing attorney of this court, and a footnote added that this clerkship must be served in an office within the State of New Jersey (rule 4, subdivision C).

Clearly the clerkship of the petitioner does not comply with the rule. We are asked, however, to regard the failure as technical and an unsubstantial variance. This we cannot do. The service of clerkship has always been deemed an essential part of the training of the law student. Mr. Justice Dixon, speaking for the court in the case of *In re Dunn,* 43 *N. J. L.* 361, says: "The purpose of the rule is that the

clerk shall be actually engaged in the practice of law under the guidance of his master for the stated period, so that by direct contact with an attorney's duties he may acquire the skill and facility in the profession which are necessary for enabling him to protect and promote independently the interests that clients may afterwards commit to him. This is the sole object of requiring the clerkship to be served with a practicing attorney." We cannot regard serving a clerkship in another state, even though with an attorney of this court, as compliance with even the spirit of the rule of court. Practice, proceedings and pleadings in the courts of the different states are so variant that little aid toward familiarization with our own might be expected from such a clerkship. On the contrary, that which is learned might well be disconcerting and lead to confusion in the mind of the practitioner after admission.

The actual period of clerkship in an office has by recent rules been reduced to the minimum in the change from three years to one year by reason of the credit of law school attendance, and it is all the more important that this time should be employed under conditions calculated to afford the fullest opportunity for perfecting the student along the lines contemplated by his clerkship.

There would, therefore, appear to be no sound reason for departing from the letter of the rule, but strong reasons why it should be strictly enforced.

The petition must be denied.